RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/5/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MATTHEW COUNTS (#437180)　　　　DOCKET NO. 14-CV-2779; SEC. P

VERSUS　　　　　　　　　　　　　　JUDGE DEE D. DRELL

S. JOHNSON, ET AL.　　　　　　　MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff Matthew Counts filed the instant civil rights complaint pursuant to 42 U.S.C. §1983, and he was granted leave to proceed *in forma pauperis* on October 15, 2014. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, presently incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He claims that he was subjected to excessive force by defendants S. Johnson, Brent Lemoine, and Lt. Harrington.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleged that, on August 17, 2014, he was on a mental health order, which meant that he was only allowed to have a gown, blanket, and shower shoes in his possession. He was assigned a cell-mate who did not have a mental health order, who entered the cell with bed sheets and personal property. Plaintiff took a staple from the cell-mate's book and began cutting himself with the staple. The cell-mate notified the officers, who came to the cell and observed Plaintiff cutting himself. [Doc. #1, p.8]  The

officers allegedly walked away without intervening. An hour or so later, Nurse Chad stopped at Plaintiff's cell and asked what he was doing. Lt. Harrington told Plaintiff to throw the staple out onto the tier, and Plaintiff complied. Nurse Chad had notified Capt. Lemoine that Plaintiff was still cutting. Lemoine entered the tier and, as he approached Plaintiff's cell, he began spraying chemical agent into the cell "without any warning or any orders to come and be restrained." [Doc. #1, p.9] Plaintiff complains that Lemoine's use of force was excessive. Plaintiff complains that he was written up for aggravated disobedience in order for the officers to try to cover-up their unprofessional acts. [Doc. #1, p.9]

Plaintiff was ordered by the Court to amend his complaint and allege facts in support of the conclusion that his constitutional rights were violated. He was specifically instructed to state (1) what each named defendant did to violate his constitutional rights; (2) **whether he was convicted of the disciplinary charge against him**; (3) **whether he lost any good time**; (4) if he was convicted and lost good time, **whether the disciplinary conviction was expunged**; (5) **whether he sought any medical care** after the alleged excessive force; and (6) **what, if any, injury he suffered**.

Plaintiff filed an amended complaint on October 27, 2014, in response to the Memorandum Order. In his Amended Complaint, Plaintiff simply summarized the allegations previously made, and made a conclusory claim that the defendants' actions were "a clear

2

violation" of Plaintiff's Eighth Amendment rights. [Doc. #9, p.1-2] Plaintiff did not state, per the Court's order, whether he was convicted of the disciplinary charge of aggravated disobedience or whether he lost any good time; whether the conviction was appealed and expunged; whether he sought any medical care after the alleged excessive force; or whether he suffered any physical injury.

Plaintiff wrote to the Court that he had been locked down without access to a law library or inmate counsel. However, the information the Court ordered Plaintiff to provide could not have been found in the library or provided by inmate counsel. Plaintiff was not instructed to provide law or argument. He was to state simple facts relevant to his claim. Plaintiff chose not to respond to the specific questions asked, and to simply argue that his constitutional rights were violated.

### *Law and Analysis*

"[T]he settled rule [is] that 'the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In the context of an allegation of the use of excessive force by a prison official, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force [by a prison guard]

was wanton and unnecessary," the court considers "the extent of [the] injury suffered," "the need for [the] application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (citing Whitley, 475 U.S. at 321) (internal quotation marks omitted).

The Supreme Court has recognized that the Eighth Amendment includes an "objective component." That is, in considering a prisoner's claim, the court must ask if the alleged wrongdoing was objectively *harmful enough* to establish a constitutional violation. Id. at 8 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Not every malevolent touch by a prison guard gives rise to a federal cause of action. Id. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. See id. at 9-10.

Moreover, under the Prison Litigation Reform Act, 28 U.S.C. §1997e(e), the prisoner must have suffered an injury that is more than *de minimis,* although it need not be significant. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997). Plaintiff has not alleged more than a *de minimis* physical injury. He alleges that he was

4

sprayed by pepper spray after being caught cutting himself with a staple. Despite being ordered to amend, Plaintiff has failed to allege any physical injury suffered from the chemical spray. Moreover, he did not require medical attention. He was ordered to amend to state whether he sought medical care, but he declined to provide that information.

A more than *de minimis* physical injury, as defined by §1997e(e) and the jurisprudence, "...is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care." See Luong v. Hatt, 979 F.Supp 481 (N.D. Tex. 1997). Plaintiff's injury is even more minor than those types of *de minimis* injuries discussed in Luong.

Moreover, Plaintiff was charged with a disciplinary violation of aggravated disobedience. He failed to respond to the Court's inquiry as to whether he was convicted and lost good time. However, if he did lose good time, and his conviction was not overturned, then his present claim would also be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to prison disciplinary proceedings).

Thus, based on Plaintiff's allegations presented in the original and amended complaints, the defendants' actions were not repugnant to the conscious of mankind, and any injury suffered by Plaintiff was *de minimis.* Additionally, to the extent that Plaintiff was convicted of a disciplinary violation and sanctioned with the loss of good time, his complaint is subject to dismissal under Heck.

### *Conclusion*

In conclusion, Plaintiff has failed to allege facts sufficient to state a claim for the violation of his constitutional rights. Moreover, even if he had, he has failed to allege more than a *de minimis* physical injury suffered, as required by 42 U.S.C. §1997e(e).

Therefore, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** with prejudice as frivolous and failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as

supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of December, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE